These cases come before the court on defendant’s motion under Rule 152(b)(5) and (6) to set aside the judgment of this court rendered July 11, 1975 (207 Ct. Cl. 516, 518 F. 2d 1384), wherein the court held that claims 7 and 8 of plaintiffs patent are valid and have been infringed by defendant. Alternatively, the defendant moves for a new trial under Rule 151(a)(2). Defendant also asks leave to file a motion for summary judgment. Defendant’s motions are based on a decision of the District Court for the District of Connecticut in Jamesbury Corp. v. Litton Industrial Products, Inc., 196 USPQ 544 (1977), No. H-76-79, wherein the claims of the patent involved in these cases were adjudged to be invalid on the basis of "overclaiming.” Defendant asserts that the decision of the Supreme Court in Blonder-Tongue Lab. Inc. v. University of Illinois Foundation, 402 U.S. 313 (1971), requires that this court vacate its prior judgment.
Upon consideration of defendant’s motions and plaintiffs reply thereto, the court finds:
1. This action has been pending for many years, and since the court’s decision of July 11, 1975, nearly 3 years ago, discovery and other procedures relevant to an accounting trial have been completed and the cases have been set down for trial on July 10, 1978.
2. The defense of overclaiming has long been known to and was specifically asserted by the defendant in its post-trial brief of July 1, 1966 in these cases, wherein defendant cited and relied on the following cases, which were also relied upon by the District Court for the District of Connecticut: Lincoln Engineering Co. v. Stewart-Warner Corp., 303 U.S. 545 (1938) and Holstensson v. V-M Corp., 325 F. 2d 109 (6th Cir. 1963), cert. denied, 377 U.S. 966 (1964). Although the overclaiming defense was not discussed in the court’s opinion of July 11, 1975, that defense was rejected by implication in the same way as courts often *660 refrain from referring to contentions which are deemed to be without merit.
3. A considerable amount of time and expense has already been expended by the parties during two trials on all issues involving liability and in preparation for the trial scheduled for July 10, 1978. Under all these circumstances, the granting of defendant’s motions would be contrary to the objectives of the Blonder-Tongue decision. Furthermore, granting defendant leave to file a motion for summary judgment would be directly contrary to the policy which led to the adoption of Rule 101(c)(1).
4. There is no showing by defendant and it does not contend that the Blonder-Tongue doctrine has ever been applied by any court to a prior court decision holding a patent valid when there is a subsequent decision by another court to the contrary.
The court concludes, as a matter of law, that the Blonder-Tongue doctrine has no application in these cases.
it is therefore ordered that defendant’s motions filed under Rules 151 and 152 are hereby denied, and that defendant’s motion for leave to file a motion for summary judgment is likewise denied.