Susan M. MAXWELL, Plaintiff,

v.

J. BAKER, INC., and Prange Way, Inc., Defendants.

Civ. No. 4–90–941.

United States District Court,
D. Minnesota,
Fourth Division.

Feb. 24, 1995.

Earl D. Reiland, Daniel W. McDonald, Alan G. Gorman, and Merchant, Gould, Smith, Edell, Welter & Schmidt, P.A., Minneapolis, MN, for Susan Maxwell.

James J. Foster, Philip G. Koenig, Douglas R. Wolf, and Wolf, Greenfield & Sacks, P.C., Boston, MA, and Bruce H. Little, Popham, Haik, Schnobrich & Kaufman, Ltd., Minneapolis, MN, for J. Baker, Inc.

## ·ORDER

DOTY, District Judge.

This matter is before the court on the motion of defendant J. Baker, Inc. ("J. Baker") for a new trial pursuant to Rules 50(b) and 59(a) of the Federal Rules of Civil Procedure. J. Baker contends that the jury's verdict is contrary to the weight of the evidence. J. Baker also seeks a new trial on the issue of patent validity based on newly discovered evidence. Based on a review of the file, record and proceedings herein, and for the reasons stated below, the court denies J. Baker's motion for a new trial.

■ The grant of a new trial is committed to the discretion of the district court. A new trial may be ordered when the verdict is against the clear weight of the evidence, is the result of passion or prejudice or is clearly excessive. While the standard for granting a new trial is less stringent than for judgment as a matter of law, a new trial shall be granted only to prevent injustice or when the verdict strongly conflicts with the great weight of evidence. The court is not free to set aside a verdict merely because it would have ruled differently, or believes that the jury should have drawn different inferences and conclusions from the conflicting testimony.

■ The true standard for granting a new trial on the basis of the weight of the evidence is simply one which measures the result in terms of whether a miscarriage of justice has occurred. J. Baker contends that justice requires a new trial in this case. In a separate order denying J. Baker's motion for

judgment as a matter of law, the court concluded that the verdict reached by the jury in this case is supported by substantial evidence. Of course, J. Baker or other reasonable persons could differ about the correct outcome, but the verdict does not work an injustice or fall against the great weight of the evidence. It is irrelevant that the evidence could also support a contrary verdict when a reasonable jury could have reached the verdict reached in this case.

■ Citing *Mendenhall v. Barber–Greene Co.*, 26 F.3d 1573 (Fed.Cir.1994), and what it characterizes as powerful new evidence of invalidity, J. Baker seeks a new trial on the issue of patent validity. At trial, J. Baker challenged the validity of the '060 patent and asserted that Maxwell was not the original inventor of the claimed invention. The jury rejected J. Baker's defense and expressly confirmed the validity of the '060 patent. After the jury's verdict and award of damages, other shoe retailers being sued for infringement of the '060 patent in *Maxwell v. K mart, et al.*, Civ. No. 4–93–525 (D.Minn.), obtained deposition testimony in the Orient which they argue conclusively establishes invalidity. Based on this testimony, J. Baker seeks a new trial on the validity of the '060 patent. J. Baker also fears it will be unfairly prejudiced if a final decision is rendered in this case before a final decision is made concerning the validity of the '060 patent in the *K mart* case.[1]

Two of the defendants in the *K mart* case, Melville Corporation and Morse Shoe Co., the parent company of J. Baker, have asserted that the '060 patent is invalid due to derivation and have sought summary judgment on that issue. Those motions are currently pending before the court. Maxwell has testified that she directed Richard Shapiro at Regent Shoes to construct a prototype of her invention. Like J. Baker, Melville and Morse dispute Maxwell's claim of inventorship and argue that she learned of the shoe connection system described in the patent from Regent Shoes. In addition to the evi-

---

**1.** J. Baker may, of course, seek relief from the Federal Circuit on appeal to protect itself from that contingency.

582

dence offered by J. Baker at trial, Melville and Morse have demonstrated that the prototype was produced in Taiwan by a shoe factory known as Stepping Ahead. Melville and Morse also offer the deposition testimony of Warren Yeh who in 1982 was the general manager of Stepping Ahead. Yeh testified that in late 1982 he and his factory manager, Mr. Liu, devised a shoe connection system identical to the one claimed in the '060 patent. According to Yeh, a vendor affiliated with Regent Shoes learned of the shoe connection system during a factory tour of Stepping Ahead in late 1982. Based on this evidence, Melville and Morse assert that the system claimed in the '060 patent was not invented by Maxwell but was derived from Yeh's invention.

Although the evidence concerning Stepping Ahead appears to have been discovered after trial in *Maxwell v. J. Baker*, there is no reason to believe that J. Baker exercised due diligence to discover the evidence before the end of trial. The burden of proving patent invalidity by clear and convincing evidence rests on the alleged infringer. While the evidence relied on by J. Baker appears to be material to the issue of patent validity, the court cannot say at this time that a new trial considering the evidence would probably produce a different result. Even if J. Baker had satisfied the court that the preconditions for a new trial were met here, its motion is premature. No final judgment has been entered rendering the '060 patent invalid. To the contrary, the court has sustained a jury verdict upholding the validity of the '060 patent.

The court concludes that the evidence presented by J. Baker does not justify a new trial. Based on the foregoing, **IT IS HEREBY ORDERED** that defendant J. Baker's motion for a new trial is denied. **IT IS FURTHER ORDERED** that the denial of J. Baker's motion is without prejudice to its ability to bring a Fed.R.Civ.P. 60(b) motion after a final judgment has been entered on the validity of the '060 patent in *Maxwell v. K mart*, Civ. No. 4–93–525 (D.Minn.).