**O2 MICRO INTERNATIONAL LIMITED, Plaintiff–Appellee,**

v.

**TAIWAN SUMIDA ELECTRONICS, INC., Defendant–Appellant.**

No. 2006–1411.

United States Court of Appeals, Federal Circuit.

March 5, 2009.

Rehearing and Rehearing En Banc Denied May 22, 2009.*

Henry C. Bunsow, Howrey LLP, of San Francisco, CA, argued for plaintiff-appellee. On the brief were Duane H. Mathiowetz, Rick C. Chang; and Patricia L. Peden, Law Office of Patricia L. Peden, of Oakland, CA; and Richard L. Stanley, Howrey LLP, of Houston, TX. Of counsel was Korula T. Cherian, Howrey LLP, of San Francisco, CA; and Helen E. Dutton, Farella Braun & Martel LLP, of San Francisco, CA.

* Circuit Judge Moore did not participate in the vote.

Nathan Lane, III, Squire, Sanders & Dempsey, LLP, of San Francisco, CA, argued for defendant-appellant. With him on the brief were Joseph A. Meckes and Daniel B. Pollack. Of counsel on the brief was Phillip J. McCabe, Kenyon & Kenyon, of San Jose, CA. Of counsel was Eric M. Albritton, Albritton Law Firm, of Longview, TX.

Before RADER, PLAGER, and GAJARSA, Circuit Judges.

RADER, Circuit Judge.

In the instant case, a jury in the United States District Court for the Eastern District of Texas returned a verdict finding that Taiwan Sumida Electronics, Inc. ("Taiwan Sumida") contributed to or induced the infringement of claims 1, 2, 9, 12 and 18 of O2 Micro International, Ltd.'s ("O2 Micro's") U.S. Patent No. 6,396,722 ("'722 patent"), that the infringement was willful, and that those claims had not been proven invalid. The instant case is a companion case to *Monolithic Power Systems, Inc. v. O2 Micro International, Ltd.*, No.2008–1128, –1136 (the "MPS case"), decided by this court today. In the MPS case, this court holds that the same claims of O2 Micro's '722 patent are invalid as obvious under 35 U.S.C. § 103.

This court held in *Mendenhall v. Barber–Greene Co.*, 26 F.3d 1573, 1577 (Fed. Cir.1994) that "once the claims of a patent are held invalid in a suit involving one alleged infringer, an unrelated party who is sued for infringement of those claims may reap the benefit of the invalidity decision under principles of collateral estoppel." (citing *Blonder–Tongue Labs., Inc. v. University of Ill. Found.*, 402 U.S. 313, 350, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971)). O2 Micro, in a letter to this court, has conceded that the judgment in the instant case cannot be upheld, as per *Mendenhall*, if this court affirms the invalidity judg-

ment in the MPS case. Because today's judgment of invalidity of the asserted claims of the '722 patent in the MPS case collaterally estops O2 Micro from pursuing infringement claims against Taiwan Sumida based on the same claims of the '722 patent, this court vacates the judgment of the District Court for the Eastern District of Texas.

*VACATED.*

NO COSTS.