DYK, Circuit Judge,
with whom PROST, Chief Judge, joins,
concurring in the denial of the petition for rehearing en banc.
The court correctly decides today that this case does not warrant rehearing en banc. Here we respond briefly to a few points raised by the dissents in the denial of en banc review.
First, the division between the majority and dissent in this case is essentially about whether the applicable provisions of the injunction were final. As we explained in the majority panel opinion, the injunction was not final at the time the claims were cancelled, since we had remanded “for the district court to consider what changes are required to the terms of the injunction, consistent with this opinion,” ePlus, Inc. v. Lawson Software, Inc., 700 F.3d 509, 523 (Fed.Cir.2012). On remand, the parties had disputed the scope of the injunction, and the scope of the injunction was being challenged on a second appeal. Review of the finality here is not “necessary to secure or maintain uniformity of the court’s decisions” nor does it “involve[ ] a question of exceptional importance.” Fed. R.App. P. 35(a).
Second, assuming the injunction was not final, the majority opinion reflects nothing more than application of well-established *1309 law. It is clear from Worden v. Searls, 121 U.S. 14, 7 S.Ct. 814, 30 L.Ed. 853 (1887), that civil contempt sanctions for violating an injunction that is not,final must be set aside where the underlying patent is invalidated. The right to fines “was, if it existed at all, founded on [the] right to the injunction, and that was founded on the validity of [the] patent.” Id. at 25, 7 S.Ct. 814. Judge Moore complains that this decision is “unfair,” see Moore Diss. Op. at 1315, but does not explain why the judiciary should award compensatory damages for a non-final injunction based on an invalid patent. “Invalidity is an affirmative defense that can preclude enforcement of a patent against otherwise infringing conduct.... [I]f the patent is indeed invalid, and shown to be so under proper procedures, there is no liability.” Commit USA, LLC v. Cisco Sys., Inc., — U.S. —, 135 S.Ct. 1920, 1929, 191 L.Ed.2d 883 (2015) (internal quotation marks, citations omitted). In fact, without finality present here, it would be “manifestly unjust” to allow ePlus to recover from its invalid patent “when the rest of the industry is not impeded by the patents.” Mendenhall v. Barber-Greene Co., 26 F.3d 1573, 1583 (Fed.Cir.1994).
Third, the dissents suggest that a PTO proceeding is “unraveling]” a district court judgment, Moore Diss. Op. at 1314, or a judicial ruling is being “nullified]” by “a subsequent decision of the Patent and Trademark Office,” Newman Diss. Op. at 1311. This is incorrect. The cancellation at the PTO was finally affirmed by this court. See In re ePlus, Inc., 540 Fed.Appx. 998 (Fed.Cir.2013). As we have repeatedly held, when a challenger to a patent fails to meet its burden in district court, “the court will not find the patent ‘valid,’ only that ‘the patent challenger did not carry the ‘burden of establishing invalidity in the particular case before the court.’ ” In re Baxter Int’l, Inc., 678 F.3d 1357, 1364 (Fed.Cir.2012) (quoting In re Swanson, 540 F.3d 1368, 1377 (Fed.Cir.2008)). Thus, “a prior holding of validity is not necessarily inconsistent with a subsequent holding of invalidity.” Swanson, 540 F.3d at 1377 (quoting Stevenson v. Sears Roebuck & Co., 713 F.2d 705, 710 (Fed.Cir.1983)).
Fourth, nothing in the record of this case suggests the accused infringer was trying to engage in any delay or abuse of process. Not even the patent holder in this appeal argued that there was any intentional delay or abuse of process by the accused infringer.