**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| BRENDA D. HICKS, | DOCKET NUMBER |
| Appellant, | AT-0752-16-0105-B-1 |
| v. | |
| DEPARTMENT OF AGRICULTURE, | DATE: June 5, 2023 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ronnie Hubbard, Jackson, Mississippi, for the appellant.

Hyacinth M. Clarke and Joshua N. Rose, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1 The appellant has filed a petition for review of the remand initial decision, which sustained her removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to make findings on the appellant's allegations of race discrimination, we AFFIRM the initial decision.

## BACKGROUND

The initial appeal

¶2 Effective October 29, 2015, the agency removed the appellant from her Food Inspector position based on a single charge of conduct prejudicial to the best interests of the service supported by two specifications. MSPB Docket No. AT-0752-16-0105-I-1, Initial Appeal File (IAF), Tab 7 at 14-19. In specification one, the agency alleged that, on April 30, 2014, after the appellant's supervisor informed her that he had denied her leave request, the appellant called her supervisor over to her vehicle at the end of her shift, pulled what appeared to be a gun from under the seat of her car, and showed it to him. *Id.* at 15, 25. In specification two, the agency alleged that, on May 6, 2014, the appellant came to the door of an agency office, asked for her supervisor, and then pointed her finger at him and made a noise as if she were firing a gun. *Id.*

¶3 The appellant filed a Board appeal challenging her removal and raised affirmative defenses of a denial of due process in connection with an agency investigation of the charge, harmful procedural error, and discrimination based on race. IAF, Tab 1 at 2, Tab 13 at 4, Tab 15 at 7-8, Tab 20 at 2-7. After holding

the requested hearing, the administrative judge issued an initial decision reversing the appellant's removal on due process grounds not raised by the appellant, without addressing whether the agency proved the charge. IAF, Tab 22, Initial Decision (ID). The administrative judge based this conclusion on the deciding official's testimony that he considered the appellant's misconduct as "threats," an offense different from and more serious than the charged offense of conduct prejudicial to the best interests of the service. ID at 4. The administrative judge further found that the deciding official's consideration of the appellant's conduct as threats constituted an ex parte communication that introduced new and material information to which the appellant was not afforded an opportunity to respond. ID at 5-7. The administrative judge declined to address the appellant's affirmative defense of harmful procedural error, having reversed her removal on due process grounds, but found that she failed to prove her affirmative defense of racial discrimination. ID at 8.

¶4 The agency filed a petition for review of the initial decision in which it argued that the administrative judge erred in finding that it violated the appellant's due process rights. *Hicks v. Department of Agriculture*, MSPB Docket No. AT-0752-16-0105-I-1, Petition for Review File, Tab 1. The Board agreed with the agency. *Hicks v. Department of Agriculture*, MSPB Docket No. AT-0752-16-0105-I-1, Remand Order, ¶¶ 10-16 (Sept. 22, 2016) (Remand Order). The Board found that, although the agency did not charge the appellant with making a threat, the penalty section of the proposal notice quoted agency policies regarding firearms and workplace violence, which prohibit threats, and addressed the same type of alleged misconduct that formed the basis for the appellant's removal. *Id.*, ¶ 14. It found further that the proposal notice did, or should have, put the appellant on notice that the agency viewed her alleged misconduct as analogous to a threat. *Id.*, ¶¶ 14-15. The Board vacated the initial decision and remanded for the administrative judge to issue a new initial decision that made further findings regarding the charge, the appellant's affirmative

defenses, nexus, and the penalty. *Id.*, ¶ 17. The Board noted that the administrative judge may adopt his original finding regarding the appellant's affirmative defense of race discrimination. *Id.*

The remand appeal

¶5 On remand, the administrative judge found that the Board reinterpreted the charge of conduct prejudicial to the best interest of the service as making a threat, and he found that the agency met its burden to prove that the appellant's misconduct in specifications one and two were threats. *Hicks v. Department of Agriculture*, MSPB Docket No. AT-0752-16-0105-B-1, Remand File, Tab 6, Remand Initial Decision (RID) at 7-10. As to specification one, he found that the appellant's supervisor testified credibly that the appellant showed him a gun and the appellant's testimony that she showed him a bottle of liquor was not believable. RID at 6. As to specification two, the administrative judge credited the version of events based on the testimony of several witnesses to the incident over the appellant's version of events. RID at 8-9. He also found that the agency established nexus and that the removal penalty was reasonable. RID at 10-11. Additionally, he readopted his finding that the appellant failed to prove her affirmative defense of race discrimination, and found that she failed to prove her affirmative defense of harmful error. RID at 12.

¶6 In her petition for review,[2] the appellant argues that the agency did not provide her adequate notice that it viewed the charge as involving a threat, that the administrative judge erred in finding her supervisor credible, and that the more than 1-year delay between the charged misconduct and the initiation of the agency action harmed her ability to defend against the action. *Hicks v.*

---

[2] Attached to the appellant's petition are a number of documents. *Hicks v. Department of Agriculture*, MSPB Docket No. AT-0752-16-0105-B-1, Remand Petition for Review File, Tab 1 at 9-18, 23-26. The parties submitted all of these documents below. IAF, Tab 8 at 25-26; Tab 11 at 12-16, 19-21; Tab 17 at 7; Tab 18 at 7. Because these documents are already part of the record, they do not constitute new evidence. *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).

*Department of Agriculture*, MSPB Docket No. AT-0752-16-0105-B-1, Remand Petition for Review (RPFR) File, Tab 1 at 5-8, 21. The appellant also argues that the administrative judge erred in applying the legal criteria for determining whether there had been a threat, that the real reason for the agency action was her tardiness, that it was legal under Mississippi law to have a weapon in her vehicle, and that the administrative judge erred by not considering a charge set forth in the proposal notice that the deciding official did not sustain.[3] *Id.* at 4, 7-8, 19-21.

## DISCUSSION OF ARGUMENTS ON REVIEW

The law of the case doctrine precludes Board review of the appellant's argument that she was not on notice that the agency charge was analogous to a charge of making a threat.

¶7    As noted, in its remand decision, the Board found that the proposal notice did, or should have, put the appellant on notice that the agency viewed the alleged misconduct as analogous to a threat. Remand Order, ¶ 15. Under the law of the case doctrine, a tribunal generally will not reconsider issues that already have been decided in an appeal unless there is new and material evidence adduced at a subsequent trial, controlling authority has made a contrary decision of law, or the prior decision was clearly erroneous and would work a manifest injustice. *Jonson v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 454, ¶ 11 n.8 (2015)

---

[3] The appellant timely filed her petition for review on October 28, 2016. RPFR File, Tab 1. The Clerk of the Board informed the agency that it could file a response on or before November 22, 2016. RPFR File, Tab 2. The agency filed its response on November 28, 2016. RPFR File, Tab 5. With its response, the agency filed a request to waive the filing deadline. *Id.* at 18. The agency declared that, on November 17, 2016, it placed the correctly addressed package containing the response in a Federal Express pick up box, and, on November 28, 2016, learned from Federal Express that it failed to deliver the package containing the response. *Id.* at 20. Attached to the request is a copy of a Federal Express label addressed to the Board and dated November 17, 2016. *Id.* at 21. Additional support for the agency's assertion that it sent the response to the Board on November 17, 2016, is provided by the appellant, who filed a reply to the agency's response on November 22, 2016, prior to the Board's receipt of the response. RPFR File, Tab 3. Under these circumstances, we accept the agency's response to the petition for review.

(quoting *Messenger v. Anderson*, 225 U.S. 436, 444 (1912)). The doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, [and is] not a limit to their power." *Jonson*, 122 M.S.P.R. 454, ¶ 11 n.8; *see Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1582-83 (Fed. Cir. 1994) (observing that a court's decision to apply the law of the case doctrine is within its discretion). The purpose of the doctrine is to ensure consistency, thereby avoiding the expense and vexation of multiple lawsuits, conserving the Board's resources, and fostering reliance on the Board by avoiding inconsistent decisions. *See Hoover v. Department of the Navy*, 57 M.S.P.R. 545, 552 (1993) (setting forth this rationale in the context of litigation in general).

¶8        On review, the appellant argues that she had no knowledge that the agency viewed the charge as analogous to a threat charge. RPFR File, Tab 1 at 5-6. However, she has not shown that new and material evidence was present at the remand hearing. Nor has she shown that controlling authority has made a contrary decision of law or that the Board's decision that the penalty section of the proposal notice quoted agency policies regarding firearms and workplace violence, which prohibit threats, *see* Remand Order, ¶¶ 14-15, was clearly erroneous and would work a manifest injustice. We find that the appellant has not shown error in our prior decision, and therefore we apply the law of the case doctrine to our finding that the appellant knew or should have known that the agency viewed the alleged misconduct as a threat. Under the circumstances of this case, the law of the case doctrine precludes relitigating whether the proposal letter gave the appellant adequate notice that the agency considered the agency charge as analogous to a charge of making a threat.

The appellant failed to show error in the administrative judge's credibility determination.

¶9        In her petition for review, the appellant reiterates the argument she made to the administrative judge that her supervisor stated in his workplace violence statement that he was not sure he had seen a gun. RPFR File, Tab 1 at 7. In

making his credibility determination, the administrative judge noted that the supervisor and the appellant were the only witnesses to the acts alleged in specification 1. RID at 4. Thus, the administrative judge found that his determination as to whether the agency proved that specification turned on which version of events, that of the supervisor or that of the appellant, he found more credible. *Id.* Applying the criteria of *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987), to his assessment of the credibility of the two witnesses, he found that the supervisor's statement that the appellant slid out into view what appeared to be a pistol in a holster was more credible than the appellant's statement that she pulled a small bottle of whiskey or vodka in a paper bag from under her car seat. RID at 4-6. In finding the supervisor more credible than the appellant, the administrative judge did not distinguish between the demeanor of the supervisor and the appellant, finding that demeanor did not favor one or the other. RID at 6.

¶10      The Board must afford special deference to an administrative judge's credibility findings when he or she relies expressly or by necessary implication on witness demeanor. *Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372 (Fed. Cir. 2016). Likewise, the Board is not free to overturn an administrative judge's credibility findings merely because it disagrees with those findings. *Haebe v. Department of Justice*, 288 F.3d 1288, 1299 (Fed. Cir. 2002). In the remand initial decision, the administrative judge considered the supervisor's workplace violence statement that he was not sure he had seen a gun, and found that it was a prior inconsistent statement that weighed in the appellant's favor. RID at 5. He found that the appellant's testimony that she harbored no ill feelings toward her supervisor is contradicted by evidence reflecting that she was "written up" by him for absence without leave (AWOL) mere hours before their encounter near her car. *Id.* He also found that a coworker testified that the appellant was upset for having been "written up" by her supervisor earlier in the day on which she allegedly showed him the gun. *Id.*

Further, the administrative judge found that the supervisor testified that when he saw the gun, he told the appellant, "If you're going to shoot me, shoot me between the eyes." *Id.* In addition, the administrative judge found that, a week before the incident with her supervisor, the appellant told a coworker that she carried a gun in her car. RID at 6. Finally, the administrative judge found it inherently improbable, as the appellant asserted, that she would offer her supervisor a gift of a bottle of liquor within hours after he "wrote her up" up for being AWOL. *Id.* Under the circumstances, we find no reason to reweigh the evidence, and we defer to the administrative judge's findings here on credibility issues. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same); *see also Haebe*, 288 F.3d at 1302.

The appellant did not show that she was harmed by the agency's delay in bringing the removal action.

¶11    The equitable defense of laches bars an action when an unreasonable or unexcused delay in bringing the action has prejudiced the party against whom the action is taken. *Pueschel v. Department of Transportation*, 113 M.S.P.R. 422, ¶ 6 (2010); *Social Security Administration v. Carr*, 78 M.S.P.R. 313, 330 (1998), *aff'd*, 185 F.3d 1318 (Fed. Cir. 1999); *Talakowski v. Department of the Army*, 50 M.S.P.R. 18, 22 (1991). The party asserting laches must prove both unreasonable delay and prejudice. *Pueschel*, 113 M.S.P.R. 422, ¶ 6; *Carr*, 78 M.S.P.R. at 330. The mere fact that time has elapsed from the date a cause of action first accrued is not sufficient to bar an agency disciplinary action as such a delay does not eliminate the prejudice prong of the laches test. *Cornetta v. United States*, 851 F.2d 1372, 1378 (Fed. Cir. 1988) (en banc). As to prejudice, there are two types that may stem from the delay in initiating an action. *Id.* First, "defense" prejudice may arise by reason of a defendant's inability to present a

full and fair defense on the merits due to the loss of records, the death of a witness, or the unreliability of memories of long past events, thereby undermining the Board's ability to judge the facts. *Id.* The second type, economic prejudice, may arise where a party and possibly others will suffer the loss of monetary investments or incur damages, which likely would have been prevented had the action been initiated earlier. *Id.*

¶12 Here, the acts of misconduct that formed the basis for the agency action occurred in April and May 2014, and the agency proposed the appellant's removal on August 10, 2015, and effected the removal on October 29, 2015. IAF, Tab 7 at 15-19, 24-30. Thus, approximately 18 months passed from the time of the conduct to the disciplinary action. The appellant asserts that because of the delay, some of her coworkers who may have been able to testify in her defense had transferred or received promotions to other work areas. RPFR File, Tab 1 at 21. She also asserts that those coworkers who remained had probably forgotten the specifics of what might have transpired. *Id.*

¶13 The Board has held that a 3-year period between the misconduct that formed the basis for a disciplinary action and the initiation of the action was not unreasonable. *Carr*, 78 M.S.P.R. at 330-31 (finding that it was not unreasonable for the agency to include in its disciplinary action misconduct that occurred more than 3 years earlier); *Special Counsel v. Santella*, 65 M.S.P.R. 452, 465-66 (1994) (finding that the Office of Special Counsel's 3-year delay in bringing a disciplinary action after it learned of possible prohibited personnel practices was not unreasonable). Thus, the appellant has not shown that the delay was unreasonable. Furthermore, the appellant did not identify any particular individual whom she was unable to locate or contact to testify in her defense because of the delay, and she did not show that anyone who testified was unable to recall the specifics of the events that formed the basis of the agency's charge against her. Thus, we find that the appellant has not shown that her ability to defend against the charge was prejudiced in any manner by the agency's delay.

Therefore, we find that the appellant has not shown that this action is barred by the doctrine of laches.

The appellant's other arguments on review do not establish error in the initial decision.

¶14 On review, the appellant asserts that the administrative judge erred in applying the test to determine whether an employee has made a threat stated in *Metz v. Department of the Treasury*, 780 F.2d 1001, 1002 (Fed. Cir. 1986). RPFR File, Tab 1 at 19. She contends that the administrative judge failed to consider that her supervisor said that the appellant never made any threatening statements. *Id.* Under *Metz*, in deciding whether a statement constitutes a threat, the Board is to apply the reasonable person criterion, considering the listeners' reaction and apprehension, the wording of the statement, the speaker's intent, and the attendant circumstances. *Metz*, 780 F.2d at 1002.

¶15 Here, the administrative judge considered whether the appellant made an actionable threat by showing a gun to her supervisor, and subsequently making a gun shape with her hand, pointing her hand at her supervisor, and making a shooting noise, not by uttering threatening words. Under the circumstances, the supervisor's statement that the appellant did not utter threatening words is immaterial to the administrative judge's finding that, under all the attendant circumstances, the appellant's actions constituted a threat.

¶16 The appellant also asserts that the agency was really removing her because of her tardiness. RPFR File, Tab 1 at 21. The appellant does not point to anything to support this assertion and the notice of proposed removal and the decision notice make no mention of her tardiness. In any event, the Board is required to review the agency's decision on an adverse action solely on the grounds invoked by the agency; the Board may not substitute what it considers to be a more adequate or proper basis. *See Fargnoli v. Department of Commerce*, 123 M.S.P.R. 330, ¶ 7 (2016). Thus, we find the appellant's claim that the

agency removed her based on her leave record unavailing. IAF, Tab 7 at 15-19, 24-30.

¶17 The appellant also argues on review that Mississippi state law permits the open carrying of a handgun in a motor vehicle without a permit or license. RPFR File, Tab 1 at 7-8, 19-20. The appellant has not explained how the fact that she could have a gun in her vehicle under state law would prevent the agency from charging her with conduct prejudicial to the best interest of the service by, among other things, displaying the gun to her supervisor only a few hours after he wrote her up for being AWOL.

¶18 Next, the appellant asserts that the administrative judge erred by not considering a charge set forth in the proposal notice that the deciding official did not sustain. *Id.* at 4-5. The appellant does not cite any legal authority to support her argument that the administrative judge must consider a charge mentioned in the proposal notice when it is not sustained by the deciding official, and we are unaware of any such requirement.

The appellant failed to prove her affirmative defense of racial discrimination.

¶19 Finally, although the administrative judge adopted his original finding that the appellant failed to prove race discrimination, he did not restate those findings in the remand decision. Despite the fact that the appellant did not disagree with those findings in her petition for review, because the Board vacated the initial decision in which the administrative judge made the finding that the appellant failed to meet her burden to prove race discrimination, we make findings on that affirmative defense.

¶20 Title VII of the Civil Rights Act of 1964, as amended, requires that personnel actions "shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a). An appellant may prove an affirmative defense under this subsection by showing that prohibited discrimination or reprisal was a motivating factor in the contested action, i.e. that discrimination or reprisal played "any part" in the agency's action

or decision. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 21, 30. Nevertheless, while an appellant who proves motivating factor and nothing more may be entitled to injunctive or other forward-looking relief, in order to obtain the full measure of relief available under the statute, including status quo ante relief, compensatory damages, or other forms of relief related to the end result of an employment decision, he must show that discrimination or reprisal was a but-for cause of the employment outcome. *Id.*, ¶ 22.

¶21      At the hearing, the appellant proffered no evidence of discrimination based on race. She did not demonstrate in any way that she was treated more harshly than an individual who was not a member of her protected group, nor did she provide any other kind of evidence indicating that the agency's action was based on discriminatory intent. *See Godesky v. Department of Health and Human Services*, 101 M.S.P.R. 280, 285 (2006). Therefore, we find that the appellant has not met her burden of proving that the prohibited consideration of race discrimination was a motivating factor in the contested personnel action and thus failed to establish her affirmative defense of race discrimination. *Pridgen*, 2022 MSPB 31, ¶¶ 20-22.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

> http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for

                                 Jennifer Everling
                                 Acting Clerk of the Board
Washington, D.C.