**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JACOB REVILLS,<br>　　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　　　Agency. | DOCKET NUMBER<br>AT-0714-18-0049-B-1<br><br><br>DATE:  June 15, 2026 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Jacob Revills, Atlanta, Georgia, pro se.

Kamaria Morris, Columbia, South Carolina, for the agency.

Glynneisha Bellamy, Esquire, and Kristin K. Bloodworth, Esquire, Decatur, Georgia, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## REMAND ORDER

The appellant has filed a petition for review of the remand initial decision, which remanded the appeal to the agency for consideration of the *Douglas*[2] factors

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

[2] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of factors relevant in assessing the penalty to impose for

and a penalty redetermination.  On petition for review, the appellant argues that the administrative judge erred by narrowing the scope of issues to be decided on remand, objects to the administrative judge's decision to cancel the scheduled hearing and to remand the appeal to the agency, and reargues that the charges and specifications underlying his removal are unsupported.[3]  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).[4]  After fully considering the filings in this appeal, we conclude that

---

an act of misconduct.

[3] With his petition for review, the appellant has attached emails he exchanged with the administrative judge and/or agency counsel during the course of the remand proceedings. Remand Petition for Review (RPFR) File, Tab 1 at 18-25.  The Board generally will not consider evidence submitted for the first time on review absent a showing that it was unavailable before the record was closed despite the party's due diligence.  *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d).  Aside from the final email from the administrative judge sent the same day the initial decision was issued, all of the remaining emails are dated before the issuance of the initial decision and so they are not new.  RPFR File, Tab 1 at 18-25; *see Okello v. Office of Personnel Management*, 112 M.S.P.R. 563, ¶ 10 (2009) (concluding that under 5 C.F.R. § 1201.115(d) the Board will not consider evidence submitted for the first time with a petition for review absent a showing that it is both new and material).  Additionally, all of the attached emails were courtesy notices informing the parties of orders or pleadings that were forthcoming or recently issued to e-Appeal, and they had no bearing on the decision to remand the appeal to the agency for a penalty redetermination.  Accordingly, they are not material, and we have not considered them.  *See Okello*, 112 M.S.P.R. 563, ¶ 10.

[4] The appellant has filed an untimely reply to the agency's response to the petition for review.  RPFR File, Tab 5.  The agency filed its response to the petition for review on October 28, 2024, and the appellant filed a reply on November 15, 2024, which the Office of the Clerk of the Board rejected as untimely and for failure to comply with the page

the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review, AFFIRM the initial decision, and REMAND the appeal to the agency in accordance with this Remand Order.

The Board remanded the underlying appeal to the administrative judge with instructions to, among other things, provide the parties with an opportunity to present evidence and argument addressing whether the agency's error in sustaining the appellant's removal under 38 U.S.C. § 714 based on substantial evidence was harmful, and to permit the parties to supplement the record regarding whether the deciding official had properly considered the relevant *Douglas* factors in assessing the penalty. *Revills v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-18-0049-I-1, Petition for Review (PFR) File, Tab 7, Remand Order (RO) at 4-6, 11-12 (Apr. 22, 2024). The administrative judge subsequently issued an initial decision remanding the appeal to the agency to reassess the penalty,

---

limit and formatting requirements set forth at 5 C.F.R. § 1201.114(h). RPFR File, Tab 4. The appellant has filed a perfected reply as well as an explanation of good cause for his untimeliness. RPFR File, Tab 5; *see* 5 C.F.R. § 1201.114(g). In the pleading, the appellant alleges that the agency "did not produce evidence of proper delivery" of its response served on him by U.S. mail. RPFR File, Tab 5 at 1-2. He asserts that he was first informed of the agency's response on November 12, 2024, upon discovering "an unofficial email" in his personal email account, and that he promptly filed his reply by U.S. mail 3 days later, on November 15, 2024. *Id.*

A reply to a response to a petition for review must be filed within 10 days after the date of service of the response to the petition for review. RPFR File, Tab 2 at 1; *see* 5 C.F.R. § 1201.114(e). The agency certified that it served its response to the petition for review by U.S. mail at the appellant's mailing address of record on October 28, 2024, and so any reply by the appellant was due by November 7, 2024. RPFR File, Tab 3 at 12. Although the appellant appears to allege that he did not receive the response sent by U.S. mail, he did not allege that he failed to receive the agency's prior pleadings or the remand initial decision, all of which were sent to the same address that has remained the appellant's address of record throughout the course of this appeal. Correspondence which is properly addressed and sent to the appellant's address via postal or commercial delivery is presumed to have been duly delivered to the addressee in 5 days. *Cabarloc v. Department of Veterans Affairs*, 110 M.S.P.R. 695, ¶ 7 (2009); *Williamson v. U.S. Postal Service*, 106 M.S.P.R. 502, ¶ 7 (2007); 5 C.F.R. § 1201.4(l). Accordingly, we reject the appellant's reply to the response to the petition for review as untimely filed without good cause shown for the delay and have not considered it.

determining that the agency had conceded that it was unable to defend its penalty assessment as required by *Connor v. Department of Veterans Affairs*, 8 F.4th 1319, 1325-26 (Fed. Cir. 2021), because it could not locate the deciding official who made the original penalty determination. *Revills v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-18-0049-B-1, Remand File (RF), Tab 18, Remand Initial Decision (RID) at 3. He further determined that, following a penalty redetermination and upon refiling of the appeal, a new hearing would be scheduled to address the remaining issues set forth in the Board's Remand Order. RID at 3.

The appellant has filed a petition for review objecting to the administrative judge's decision to remand the appeal back to the agency for a penalty redetermination. Remand Petition for Review (RPFR) File, Tab 1 at 10-11, 13-14. He also disagrees with the administrative judge's characterization of the issues that were to be decided on remand, arguing that the Board's Remand Order vacated the prior initial decision in its entirety and so the remand initial decision should address the merits of the agency's removal decision. *Id.* at 1-3. For the reasons set forth in the remand initial decision, we conclude that the administrative judge did not err in remanding the appeal to the agency for a redetermination of the penalty. Because the agency is unable to locate the deciding official who made the original penalty determination, this result is compelled. *See Connor*, 8 F.4th at 1326-27 (stating that, if the Board determines that the agency failed to consider the *Douglas* factors, the Board must remand to the agency for a redetermination of the penalty); *Bryant v. Department of Veterans Affairs*, 2024 MSPB 16, ¶ 10.

Regarding the appellant's argument that the administrative judge impermissibly narrowed the scope of the issues to be decided in the remand proceedings, the Board's Remand Order remanded the appeal to the administrative judge with instructions to address the following four issues: (1) consider whether the agency's error in sustaining the appellant's removal under 38 U.S.C. § 714 based on a substantial evidence standard was harmful; (2) determine whether the agency properly considered the *Douglas* factors in its penalty determination;

(3) analyze the appellant's affirmative defenses of disability discrimination and reprisal for protected equal employment opportunity (EEO) activity based on the correct standards; and (4) consider the appellant's affirmative defense of retaliation under 5 U.S.C. § 2302(b)(9)(B) based on his assisting another employee with her EEO activity. RO at 4-12. In doing so, the Board acknowledged the administrative judge's findings that the agency met its burden of proving both charges and all specifications and noted that the appellant had not disputed those findings on review. RO at 3; PFR File, Tab 1 at 3-5. The administrative judge clearly identified the above issues as the only issues to be decided in the remand proceedings, despite the appellant's objections, RF, Tab 4 at 1-5, Tab 11 at 6-7, Tab 12 at 3-5, and later identified the limited scope of his review in the Remand Initial Decision, RID at 2.

The law of the case doctrine "limits relitigation of an issue once that issue has been decided . . . in a different stage of the same litigation." *Phillips v. Department of the Navy*, 111 M.S.P.R. 557, ¶ 6 n.2 (2009) (quoting *Nease v. Department of the Army*, 103 M.S.P.R. 118, ¶ 10 (2006)). The doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, [and is] not a limit to their power." *Jonson v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 454, ¶ 11 n.8 (2015) (quoting *Messinger v. Anderson*, 225 U.S. 436, 444 (1912)); *see Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1582-83 (Fed. Cir. 1994) (observing that a court's decision to apply the law of the case doctrine is within its discretion). As the administrative judge correctly observed, the Board did not disturb his findings that the agency met its burden of proving the charges and specifications, and the appellant did not challenge those findings in his prior petition for review. RID at 2; PFR File, Tab 1 at 3-5. Accordingly, we find no error in the administrative judge's decision not to revisit those findings in the remand initial decision. *See Seas v. U.S. Postal Service*, 78 M.S.P.R. 569, 573 (1998) (invoking the law of the case doctrine and declining to reconsider its prior findings regarding the merits of the agency's charges).

Consequently, we remand the appeal to the agency to conduct a new penalty assessment.

## ORDER

The agency is ORDERED to conduct a penalty redetermination that incorporates the relevant *Douglas* factors, consistent with the U.S. Court of Appeals for the Federal Circuit's instructions in *Connor*, 8 F.4th at 1326. The agency must issue a new decision on the penalty in this matter no later than 30 calendar days after the date of this Remand Order. If the appellant is dissatisfied with the agency's new decision, he may refile his appeal with the Board within 30 calendar days after the agency's new decision is issued.

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.